IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Jack Logan, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6:23-cv-01800-TMC |
| | ) | |
| vs. | ) | |
| | ) | |
| Rolling Green Village, Robert Benson, | ) | |
| Ryan Toerner, Samuel Hill, Shannon | ) | **ORDER** |
| Littig, Rich Ewanick, Bruce | ) | |
| Vogelsberg, Ryan Hill, and Sylvia | ) | |
| Gambrell, | ) | |
| Defendants. | ) | |
| | ) | |

In this case involving allegations of "discrimination" and "sexual harassment," Defendants filed a motion to dismiss (ECF No. 9) *pro se* Plaintiff Jack Logan's amended complaint (ECF No. 1-1) pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. The magistrate judge issued a report and recommendation ("Report"), recommending that the undersigned dismiss the case pursuant to Rule 12(b)(6) and that the dismissal order be final and appealable as no additional allegations would cure the legal deficiencies in the complaint. (ECF No. 21). Plaintiff filed objections to the Report (ECF No. 24), and Defendants filed a reply (ECF No. 25). For the reasons articulated herein, the undersigned grants the motion to dismiss Plaintiff's complaint for failure to state a claim upon which relief may be granted.

## BACKGROUND

On March 23, 2023, Plaintiff, a black male, filed a complaint in state court against Rolling Green Village ("Rolling Green"), Robert Benson, Ryan Toerner, Samuel Hill, Shannon Littig,

Rich Ewanick, Bruce Vogelsberg, Ryan Hill, and Sylvia Gambrell.  (ECF No. 1-1 at 6-7).  Less than two weeks later, he filed an amended complaint, alleging "discrimination" under the South Carolina Human Affairs Laws ("SCHAL") and "sexual harassment."  *Id*. at 9-11.  Plaintiff, however, did not name Robert Benson, Ryan Toerner, or Sylvia Gambrell in his amended complaint nor did he make any allegations against them in the amended complaint.[1]

Plaintiff provides he worked as a certified nursing assistant ("CNA") through Senior Helpers, a nursing registry in Greenville, South Carolina.  *Id*. at 9.  Through Senior Helpers, he was hired to work as a private sitter for Dr. Woodrow Long, a resident of Rolling Green.  *Id*. According to Plaintiff, when he would take Dr. Long to the dining room at Rolling Green, Samuel Hill, "a kitchen worker" would yell "here come the police." *Id*.  Plaintiff explains that this comment was in reference to the work Plaintiff was doing in the community against gun violence.  *Id*. Plaintiff also provides that, each morning he took Dr. Long to the dining room, white employees for Rolling Green informed him that he could not sit with Dr. Long.  *Id*. at 10.  Plaintiff instead had to sit in the back or on the side of the room.

After Dr. Long passed away, Plaintiff started taking care of Dr. Long's wife, Bobbi Long. *Id*. at 10.  Plaintiff alleges he would take Mrs. Long to the dining room and Defendants Vogelsberg, Ewanick, and Lettig "cohersed [sic] together [to] not allow the wife . . . to come to the dining room claiming it was because she couldn't feed herself." *Id*.  Plaintiff, however, claims "[t]his was all done because [he] is a black male sitting in a[n] all white dining area." *Id*.  Plaintiff further asserts that, on one occasion, he was interviewing a black male for a sitter position while in the Rolling

---

[1] As will be discussed, in his response to Defendants' motion, however, Plaintiff alleged Robert Benson and Ryan Toerner failed to properly train their staff that black males are to be treated equally.  (ECF No. 19 at 3).

Green dining room when Defendant Ewanick told him that "if he's going to eat here, he's going to have to pay $18.00." *Id*. at 10-11.

Regarding his sexual harassment claim, Plaintiff alleged Hill made sexual advances toward him while at Rolling Green, and, after Plaintiff refused to sleep with him, Hill would "throw kisses" at him as well as "shake his buttocks" at him "in a sexual manner." *Id*. at 11. Additionally, Plaintiff asserts Hill would intentionally feed Mrs. Long last to provoke him. *Id*.

After removing the case to federal court, (ECF No. 1), Defendants, through counsel, filed a motion to dismiss pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure.[2] (ECF No. 9). In their memorandum in support of their motion, Defendants argue the case should be dismissed pursuant to Rule 12(b)(1) and/or Rule 12(b)(6) because Plaintiff failed to allege the exhaustion of administrative prerequisites necessary to file his claims under Title VII and the SCHAL. (ECF No. 9-1 at 8-9). They also contend the case should be dismissed under Rule 12(b)(6) because the SCHAL and Title VII prohibit *an employer's conduct* and none of the named defendants employed Plaintiff. *Id*. at 7-8. As further support, they assert this case should be dismissed under Rule 12(b)(6) because neither Title VII nor the SCHAL allow for individual liability. *Id*. at 9-10. The court subsequently issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the motion to dismiss procedures and the possible consequences if he failed to respond adequately to the motion. (ECF No. 10).

Plaintiff filed a response to the motion (ECF No. 19), wherein he again reiterates a number of allegations from his amended complaint, including that he was told he could not sit with Dr.

---

[2] Though they acknowledge the "general rule" that "an amended pleading ordinarily supersedes the original and renders it of no legal effect," Defendants included all the defendants named in the original complaint in the caption to the motion to dismiss out of an abundance of caution. (ECF No. 9 at 1, n.1) (quoting *Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001)).

Long in the dining room, (ECF No. 19 at 2), that Hill delayed Mrs. Long's meal to make sexual gestures towards him (ECF No. 19 at 3), and that Defendants refused to allow Mrs. Long to eat in the dining room, which he maintains was because Plaintiff is black. (ECF No. 19 at 2-4). He added that when he brought Mrs. Long to the dining room, Defendants Ewanick and Vogelsberg looked at him "with a gesture of why you with this white woman." *Id*. at 2. He further asserted that Robert Benson and Ryan Toerner failed to properly train their staff that black males are to be treated equally. *Id*. at 3.

The magistrate judge issued a Report and Recommendation, recommending the undersigned dismiss the action pursuant to Rule 12(b)(6).[3] (ECF No. 21). The magistrate concluded the case should be dismissed because Plaintiff failed to exhaust his administrative remedies under Title VII and the SCHAL. *Id*. at 6-7. He also concluded the case should be dismissed because none of the defendants employed Plaintiff and neither Title VII nor the SCHAL provide for causes of action against defendants in their individual capacities. *Id*. at 5-6; 7-8. In his objections to the Report, Plaintiff appears to acknowledge that he did not file an EEOC charge and confirms he was employed by a staffing agency not Rolling Green. (ECF No. 24 at 1). Still, he provides "no one can be told they can't sit somewhere just because of their race" and "no one deserve[s] to be sexually harassed on a job or any place." *Id*. Defendants filed a reply, asking the undersigned to adopt the Report. (ECF No. 25).

---

[3] The magistrate judge analyzed the Defendants' motion under Rule 12(b)(6) only, relying on the Fourth Circuit Court of Appeals' decision in *Walton v. Harker*, 33 F.4th 165, 175 (4th Cir. 2022), which states that "Title VII's exhaustion requirement is a non-jurisdictional 'processing rule, albeit a mandatory one' that must be enforced when properly raised" (quoting *Fort Bend Cnty., Tex v. Davis*, 587 U.S. __, 139 S.Ct. 1843, 1851 (2019)). (ECF No. 21 at 4, n.5).

## STANDARD OF REVIEW

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). Thus, "[t]o trigger de novo review, an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" *Elijah*, 66 F.4th at 460 (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017); *see also Elijah*, 66 F.4th at 460 (noting that "[i]f a litigant objects only generally, the district court reviews the magistrate's recommendation for clear error only"). Furthermore, "'the court is not obligated to consider new arguments raised by a party for the first time in objections to the magistrate's Report.'" *Floyd v. City of Spartanburg S.C.*, Civ. A. No. 7:20-cv-1305-TMC, 2022 WL 796819, at *9 (D.S.C. Mar. 16, 2022) (quoting *Elliott v. Oldcastle Lawn & Garden, Inc.*, No. 2:16-cv-01929-DCN, 2017 WL 1206408, at *3 (D.S.C. Mar. 31, 2017); *see also Elijah*, 66 F.4th at 460 n. 3 (noting "district court judges are not required to consider new arguments posed in objections to the magistrate's recommendation").

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint or pleading. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir.

2009). "[T]he legal sufficiency of a complaint is measured by whether it meets the standard stated in Rule 8 [of the Federal Rules of Civil Procedure] . . . and Rule 12(b)(6) (requiring that a complaint state a claim upon which relief can be granted)." *Id.* Rule 8(a)(2) requires that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This pleading standard requires that a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007).

In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the United States Supreme Court stated that to survive a 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face[.]'" *Id.* at 663 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when [a party] pleads factual content that allows the court to draw the reasonable inference that the [opposing party] is liable for the misconduct alleged." *Id.* The plausibility standard "asks for more than a sheer possibility that a [party] has acted unlawfully." *Id.* Rather, "[i]t requires [a party] to articulate facts, when accepted as true, that 'show' that [the party] has stated a claim entitling [them] to relief[.]" *Francis*, 588 F.3d at 193 (quoting *Twombly*, 550 U.S. at 557). Such "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "Determining whether a complaint states [on its face] a plausible claim for relief [which can survive a motion to dismiss] will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. However, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

**DISCUSSION**

Plaintiff's amended complaint raises causes of action for discrimination and sexual harassment. Though he specifies that he brings his discrimination claim pursuant to the SCHAL, Plaintiff did not specify what legal authority he relies on in support of his sexual harassment claim. Defendants interpret his harassment claim as one arising under Title VII of the Civil Rights Act given that, in his initial complaint, which Defendants recognize is not controlling, Plaintiff provided his "suit is based on sexual harassment by one of the defendants *at the workplace*." (ECF No. 1-1 at 6) (emphasis added). The magistrate judge adopted this interpretation of Plaintiff's harassment claim, and the undersigned, following a thorough review of the pleadings, does so as well.

Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of [among other things] such individual's race . . . ." 42 U.S.C. § 2000e-2(a). Similarly, the SCHAL makes it an unlawful employment practice for an employer to discriminate against an individual with respect to, among other things, their race. S.C. Code Ann. §§ 1-13-20, 80. These prohibitions govern *an employer's* conduct with respect to *its employees and prospective employees*, and, as the magistrate judge notes, (ECF No. 21 at 7-8), neither Title VII nor the SCHAL provide for causes of action against defendants in their individual capacities. *See Baird ex rel. Baird v. Rose*, 192 F.3d 462, 472 (4th Cir. 1999) (recognizing "Title VII does not provide a remedy against individual defendants who do not qualify as 'employers'"[4]); S.C. Code Ann. § 1-13-100 (providing that nothing within the SCHAL

---

[4] Title VII defines "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees . . . and any agent of such a person . . . ." 42 U.S.C. § 2000e(b).

"may be construed to create a cause of action against a person not covered by Title VII" if the cause of action arises from discrimination on the basis of race, color, religion, sex, or national origin[5]).

There is no question that the allegations that form the basis of Plaintiff's causes of action concern Rolling Green and its employees.  In his objections to the magistrate judge's Report, however, Plaintiff confirms that he was not employed with Rolling Green.  (ECF No. 24).  Rather, he was employed with a staffing agency.  Thus, while he *worked at* Rolling Green taking care patients, he did not *work for* Rolling Green.  Therefore, Plaintiff does not have a remedy against Defendants under Title VII or the SCHAL for their alleged conduct.

Moreover, even if Title VII and/or the SCHAL were available avenues for Plaintiff to seek relief in this case, the court agrees with the magistrate judge that Plaintiff's claims should nevertheless be dismissed for failing to exhaust his administrative remedies as required under both statutes.  *See* 42 U.S.C. § 2000e-5(e)(1) (stating a charge "shall be filed within one hundred and eighty days [or in some instances three hundred days] after the alleged unlawful employment practice occurred"); S.C. Code Ann. § 1-13-90(a) (providing that "[a]ny person shall complain in writing under oath or affirmation to the Commission within one hundred eighty days after the alleged discriminatory practice occurred"); *Walton v. Harker*, 33 F.4th 165, 175 (4th Cir. 2022) (providing "Title VII's exhaustion requirement is a non-jurisdictional 'processing rule, albeit  a mandatory one' that must be enforced when properly raised" (quoting *Fort Bend Cnty. Tex v. Davis*, 587 U.S. __, 139 S.Ct. 1843, 1851 (2019)).  Accordingly, even when liberally construing *pro se*

---

[5] The SCHAL defines "employer" as "any person who has fifteen or more employees . . . and any agent of such person . . . ."  S.C. Code Ann. § 1-13-30(e).

Plaintiff's complaint,[6] the court agrees with the magistrate judge's recommendation that Plaintiff's sexual harassment and discrimination claims be dismissed for failure to state a claim upon which relief may be granted.  The court further agrees with the magistrate judge's recommendation that the dismissal of this case be final as no additional allegations would cure the identified legal deficiencies in Plaintiff's amended complaint.  (ECF No. 21 at 8).

## CONCLUSION

For the reasons articulated herein, the court agrees with and wholly **ADOPTS** the magistrate judge's findings and recommendations in the Report (ECF No. 21).  Therefore, the motion to dismiss (ECF No. 9) is **GRANTED**.[7]   It is further ordered that the Plaintiff's Amended Complaint (ECF No. 1-1 at 8-11), is **DISMISSED WITH PREJUDICE**.

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
January 22, 2024

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[6] *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

[7] The magistrate judge also determined Robert Benson, Ryan Toerner, and Sylvia Gambrell are subject to dismissal from this action as Plaintiff did not name them in his amended complaint. (ECF No. 21 at 8).  The court declines to address this issue given its ruling on Defendants' motion to dismiss.